## COLEMAN v. CLARK.

(Supreme Court, Appellate Division, First Department. December 10, 1909.)

CARRIERS (§ 397½*) — LOSS OF PASSENGER'S EFFECTS — LIABILITY OF TRANSIT AGENT— CARE OF PRINCIPAL'S PROPERTY.

    A transit agent, who undertakes to furnish transportation and conduct tourists on a trip through a foreign country, and "look after the baggage and all details of the trip," is not liable for the loss of a tourist's baggage by a carrier employed on the route, not under the control of such agent.

    [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1519; Dec. Dig. § 397½.*]

Appeal from Trial Term, New York County.

Action by Mary Coleman against Frank C. Clark. From a judgment for plaintiff on a verdict of a jury, defendant appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Alexander S. Bacon, for appellant.
Samuel H. Evins, for respondent.

SCOTT, J. Appeal from judgment for plaintiff. Defendant is what is known as a "transit agent"; that is he lays out tours, furnishes steamship and railroad tickets, and provides guides and couriers. The plaintiff joined one of his parties, paying to him $410, which included transportation, hotel accommodations, and other items as set forth in a

printed program. It was expressly stated in the contract that it was subject to the conditions mentioned in the program and to the provisions applying to the transportation of passengers as set forth in the regulations of each of the transportation companies employed in the conveyance of the passenger. The program stated that:

"A first-class conductor, supplied by Clark's Tours, will accompany the party through Europe to look after the baggage and all details of the trip."

The defendant furnished to plaintiff a steamship ticket to Naples per steamship Romanio, issued by the White Star Line. This ticket was in the usual form and contained the customary conditions. It was signed by the White Star Line, per defendant as agent, and undoubtedly constituted a valid transportation contract between plaintiff and the White Star Company. The plaintiff took with her, besides hand baggage, one steamer trunk full of clothes. Arriving at Naples, she locked her trunk and turned it over to her bedroom steward, an employé of the steamship company. The defendant had no authorized representative on board of the steamer. When the steamer arrived and anchored in the harbor of Naples, it was joined by one Hiller an agent and representative of defendant, who undertook to see the passengers' baggage through the customs house and to the hotel. The passengers landed on a tender, and after passing their hand baggage went off sight-seeing. Plaintiff asked Mr. Hiller whether she should wait for her trunk, and he told her that it was unnecessary, as he would see it through the customs house. The trunks came ashore in another tender, about two hours after the passengers landed. Plaintiff's trunk did not come ashore. Hiller had a list of the trunks, and when he found that one was missing he sent a messenger aboard the steamer to search for it; but the search was unsuccessful. Efforts were made to trace the trunk; but it was never found.

. Upon this state of facts, no negligence was shown on the part of defendant or Hiller. It was the duty of the steamship company to transport plaintiff and her baggage to Naples, and this included landing her and her trunk. Whatever obligation the defendant assumed respecting the baggage was limited to taking charge of such baggage as was delivered into his charge by the regular transportation authorities at the end of each stage of the journey. His obligation began when the obligation of the transportation company ended. All he was required to do was to receive the baggage at the end of a stage, and to see that it was delivered to the next transportation company. For what happened to any baggage while in the possession and control of a carrier the defendant was not responsible.

The fact that there was no agent on the steamer is unimportant, for it is not apparent that the presence of an agent would have made any difference. The statement to plaintiff that she need not wait on the dock, and that Hiller would attend to her trunk, meant nothing more than that Hiller would take charge of her trunk, if and when the steamship company should deliver it on the dock. It certainly was not a warranty that the trunk would be so delivered.

The judgment is reversed, and a new trial granted, with costs to appellant to abide the event. All concur.